UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Banks Murrah, Jr., #12166-021,  ) | C/A No. 9:08-3712-SB-BM |
| ) | |
| Petitioner,  ) | |
| ) | |
| vs.  ) | REPORT AND |
| ) | RECOMMENDATION |
| M. Rivera, Warden FCI-Estill,  ) | |
| ) | |
| Respondent.  ) | |
| ) | |

The petitioner, Joseph Banks Murrah, Jr., is an inmate at the Federal Correctional Institution in Estill, South Carolina, a facility of the United States Bureau of Prisons (BOP). Petitioner brings this action *pro se* pursuant to 28 U.S.C. § 2241, seeking habeas relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Rules Governing Section 2254 Cases[1], the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978); *Hughes v. Rowe*, 449 U.S. 5 (1980). Even when considered under this less stringent

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 4(b)

1

standard, however, the *pro se* petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

## BACKGROUND

On January 11, 2006, Petitioner pled guilty to distribution of methamphetamine based on a plea agreement and was sentenced in the U.S. District Court for the Southern District of Georgia in case number 1:05-cr-0001-DHB-WLB-1. Petitioner filed a direct appeal of his sentence with the United States Court of Appeals for the Eleventh Circuit, which was dismissed based on a waiver in the plea agreement in which Petitioner "waive[d] his right to appeal any sentence that he received, either on direct appeal or collateral review, so long as the sentence was within the statutory maximum." *U.S. v. Murrah,* No. 06-10810, slip op. at 3 (11th Cir. Oct. 16, 2006). Petitioner has not filed a collateral attack in the sentencing court through a motion to vacate pursuant to 28 U.S.C. § 2255, but has instead filed this habeas action pursuant to § 2241 seeking to vacate his sentence because the "sentencing court acted in bad faith by imposing a sentence in excess of that to which Petitioner had contracted" in his plea agreement. Petition at 2. Petitioner contends he cannot file a § 2255 motion to vacate in the sentencing court because the time to file under § 2255 has passed.

## DISCUSSION

In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. *Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir.



2

1997). However, under the statutory framework for federal post-conviction relief from judgments of conviction now in place, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* see also *United States v. Hayman*, 342 U.S. 205 (1952); *Hill v. U.S.*, 368 U.S. 424, 427 (1962).

Although the instant petition is brought pursuant to § 2241, "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). The petition's contention that the court imposed a longer sentence than agreed upon in the plea agreement clearly attacks the sentence, not the manner in which the sentence is being executed. While Petitioner couches his attack on his sentence in terms of a breach of the plea agreement, the agreement clearly states that the sentencing court is not a party to the agreement and may impose any sentence within the statutory maximum sentence. The plea agreement also acknowledges Petitioner's understanding that all conduct related to the offense, which could include conduct related to charges which were being dismissed, as well as Petitioner's criminal history, could be considered by the sentencing court in determining Petitioner's sentence. As noted, a challenge to the length of the sentence imposed is reserved for a motion filed pursuant to § 2255 in the sentencing court.

The claim in Petitioner's § 2241 petition based on breach of contract is not



3

appropriate for a habeas action in the place of incarceration, but is clearly a challenge to the sentence itself. Hence, as Petitioner was sentenced in the Southern District of Georgia, the issue raised in his petition is within the jurisdiction of the sentencing court pursuant to § 2255, and a petition under § 2241 is only available in the District of South Carolina if a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). However, the petition does not present arguments that demonstrate § 2255 is inadequate or ineffective in this case. In the plea agreement, Petitioner waived, in part, his right to file appeals and collateral attacks of his sentence, and Petitioner's direct appeal of his sentence to the Eleventh Circuit was dismissed based on the waiver. The fact that a challenge to his sentence is not available under § 2255 because he waived his statutory right to a collateral attack does not make § 2255 ineffective or inadequate, nor does the fact that Petitioner is precluded from now filing a § 2255 motion in the sentencing court due to the lapse of time under § 2255(f). *See In re Vial*, 115 F.3d 1192, 1194 n.5 (§ 2255 not inadequate or ineffective "because an individual is procedurally barred from filing a § 2255 motion").

In sum, Petitioner has not presented facts that establish that § 2255 is "inadequate or ineffective to test the legality of his detention," thereby opening the door for jurisdiction under § 2241, and his petition for habeas relief pursuant to § 2241 should therefore be dismissed for lack of jurisdiction. *See* Rules Governing Section 2254 Cases Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.").

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in this



case be dismissed *without prejudice* and without issuance and service of process upon the respondent.

_____
Bristow Marchant
United States Magistrate Judge

December 15, 2008

Charleston, South Carolina


**Petitioner's attention is directed to the important notice on the next page**.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

