IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Banks Murrah, Jr., #12166-021, )<br>)<br>Petitioner,           )<br>)<br>v.                                                )<br>)<br>M. Rivera, Warden FCI-Estill,        )<br>)<br>Respondent.    )<br>_____) | Civil Action No. 9:08-3712-SB<br><br>**ORDER** |

This matter is before the Court upon Petitioner Joseph Banks Murrah, Jr.'s ("Petitioner" or "Murrah") pro se petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, this matter was referred to a United States Magistrate Judge for initial review.

On January 11, 2006, the Petitioner pleaded guilty to distribution of methamphetamine based on a plea agreement and was sentenced in the United States District Court for the Southern District of Georgia. See Criminal No.: 1:05-0001-DHB-WLB-1. The Petitioner filed a direct appeal of his conviction and sentence, but the Eleventh Circuit Court of Appeals dismissed his appeal based on a waiver in the plea agreement whereby the Petitioner "waive[d] his right to appeal any sentence that he received, either on direct appeal or collateral review, so long as the sentence was within the statutory maximum." United States v. Murrah, No. 06-10810, slip op. at 3 (11th Cir. Oct. 16, 2006). The Petitioner has not filed a collateral attack in the sentencing court but instead has filed the present § 2241 petition,[1] wherein he asserts that the "sentencing court acted in bad

---

[1] Murrah has filed the present § 2241 petition in this Court because he is currently incarcerated in the Federal Correctional Institution in Estill, South Carolina.

faith by imposing a sentence in excess of that to which Petitioner had contracted." (Pet. at 2.)

On December 15, 2008, the Magistrate Judge issued a report and recommendation ("R&R") analyzing Murrah's petition and recommending that it be dismissed without prejudice and without issuance and service of process for lack of jurisdiction. Specifically, the Magistrate Judge determined that Murrah's petition clearly presents a challenge to his sentence, and therefore, the issue raised in his petition is one that falls within the jurisdiction of the sentencing court (here, the Southern District of Georgia) pursuant to 28 U.S.C. § 2255. As the Magistrate Judge pointed out, relief under § 2241 is only available in the District of South Carolina if a motion under § 2255 is "inadequate or ineffective to test the legality of" the Petitioner's detention. 28 U.S.C. § 2255. Here, the petition does not present arguments that demonstrate that § 2255 is inadequate or ineffective. The fact that the Petitioner waived, in part, his right to appeal and collaterally attack his sentence does not render § 2255 inadequate or ineffective. Moreover, the fact that the time may have passed for filing a § 2255 petition does not render § 2255 inadequate or ineffective. See In re Jones, 226 F.3d 328 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); In re Vial, 115 F.3d 1192 (4th Cir. 1997).

In response to the R&R, Murrah filed a letter requesting direction and asserting that he understands that his arguments must be raised in a § 2255 petition. In his letter, Murrah also claims that he did not realize that he was waiving his right to an appeal. Again, as the Magistrate Judge pointed out in the R&R, Murrah's arguments clearly present a challenge to his sentence, and as such, they fall within the jurisdiction of the sentencing

court. And because Murrah has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention, the Court agrees with the Magistrate Judge that the present petition should be dismissed for lack of jurisdiction. Therefore, it is

**ORDERED** that the Magistrate Judge's R&R (Entry # 6) is adopted; Murrah's objections (Entry # 9) are overruled; and Murrah's § 2241 petition is dismissed without prejudice and without issuance and service of process for lack of jurisdiction.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 2, 2009
Charleston, South Carolina

#3